1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND GEORGE GLASS, | CASE NO. 1:10-cv–01888-BAM PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| J. WHITE, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

―――――――――――――――――――/

**I.     Screening Requirement**

Plaintiff Raymond George Glass is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is the complaint, filed October 12, 2010.  (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v.

1

1   Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.

2   544, 555, 127 S. Ct. 1955 (2007)).

3       Under section 1983, Plaintiff must demonstrate that each defendant personally participated

4   in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires

5   the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.

6   at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]

7   pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

8   between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting

9   Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations

10  contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129

11  S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere

12  conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

13  **II.   Discussion**

14      Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and

15  is incarcerated at California State Prison, Corcoran. Plaintiff brings this action alleging that he

16  attempted to file an inmate appeal because he wants to be transferred to Oregon where he will be safe

17  to serve his commitment offense and his appeals were rejected. Plaintiff is seeking injunctive relief

18  ordering that Plaintiff and inmate Barr be transferred to Oregon State Prison. Plaintiff fails to

19  identify the federal right that he alleges is being violated by the failure to transfer him out of state.

20      The Due Process Clause protects against the deprivation of liberty without due process of

21  law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). In order to state a cause

22  of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which

23  the protection is sought. Id. The Due Process Clause does not confer a liberty interest in freedom

24  from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480,

25  115 S. Ct. 2293, 2298 (1995). However, a state may "create liberty interests which are protected by

26  the Due Process Clause." Sandin, 515 U.S. at 483-84, 115 S. Ct. at 2300. A prisoner has a liberty

27  interest protected by the Due Process Clause only where the restraint "imposes atypical and

28  significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v.

1   Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484, 115 S. Ct. at 2300).

2   Plaintiff has not identified a protected liberty interest of which he was deprived without the

3   procedural protections he is due under federal law.

4        There is no substantive liberty interest in being housed in a particular prison and an inmate

5   has no right to incarceration in the prison of his choice.  Olim v. Wakinekona, 461 U.S. 238, 245,

6   103 S. Ct. 1741, 1745 (1983); White v. Lambert, 370 F.3d 1002, 1013 (9th Cir. 2004) (overruled on

7   other grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010).  Neither the initial decision

8   assigning the inmate to a particular prison nor a subsequent transfer to a different prison implicate

9   the Due Process Clause.  Olim, 461 U.S. 244-45, 103 S. Ct. at 1745; Meachum v. Fano, 427 U.S.

10   215, 224, 96 S. Ct. 2532, 2538 (1976); see Moody v. Daggett, 429 U.S. 78, 88 n.9, 97 S. Ct. 274,

11   279 (1976); Montanye v. Haymes, 427 U.S. 236, 242, 96 S. Ct. 2543, 2547 (1976).  Therefore, the

12   failure to transfer Plaintiff to another prison does not state a claim for a violation of due process.

13        A prisoner has a right to meaningful access to the court which extends to established

14   grievance procedures.  Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).  However, there is no

15   liberty interest in a prison grievance procedure as it is a procedural right only.  Mann v. Adams, 855

16   F.2d 639, 640 (9th Cir. 1988);  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

17        While Plaintiff states that he will be safe in Oregon, he fails to set forth facts to show that

18   he was deprived of the "minimal civilized measure of life's necessities," and that any defendant

19   acted with deliberate indifference in doing so.  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir.

20   2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  In order

21   to find a prison official liable under the Eighth Amendment for denying humane conditions of

22   confinement within a prison, the official must know "that inmates face a substantial risk of serious

23   harm and disregard[] that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan,

24   511 U.S. 825, 847 (1994).

25        Finally, for each form of relief sought in federal court, Plaintiff must establish standing.

26   Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), cert.denied, 131 S. Ct. 503 (2010).

27   This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and

28   particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be

1    fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial

2    decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149

3    (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

4           In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,

5    which provides in relevant part, "[p]rospective relief in any civil action with respect to prison

6    conditions shall extend no further than necessary to correct the violation of the Federal right of a

7    particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless

8    the court finds that such relief is narrowly drawn, extends no further than necessary to correct the

9    violation of the Federal right, and is the least intrusive means necessary to correct the violation of

10   the Federal right."  18 U.S.C. § 3626(a)(1)(A).

11          The rights protected by the Constitution are personal rights and only the person subject to the

12   violation has standing to bring suit.  See Whitmore v. Arkansas, 495 U.S. 149, 160 (1990).  "The

13   general rule is that only the person whose [personal] rights were violated can sue to vindicate those

14   rights."  Moreland v. Las Vegas Metro. Police Dept., 159 F.3d 365, 369 (9th Cir. 1998).  Plaintiff

15   does not have standing to obtain injunctive relief for another inmate.

16   **III.    Conclusion and Order**

17          For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for

18   a violation of his constitutional rights.  Plaintiff is granted leave to file an amended complaint within

19   thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the

20   nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507

21   F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

22          Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

23   named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

24   Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the

25   duties and responsibilities of each individual defendant whose acts or omissions are alleged to have

26   caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although

27   accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

28   speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>,

114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must

be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All

causes of action alleged in an original complaint which are not alleged in an amended complaint are

waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th

Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Plaintiff's complaint, filed October 12, 2010, is dismissed for failure to state a claim

upon which relief may be granted under section 1983;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this

action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   __December 13, 2011__          _____/s/ **Barbara A. McAuliffe**_____
                                        UNITED STATES MAGISTRATE JUDGE